IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDALL MOSS,** ) | |
| **#05524-025,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL NO. 04-4070-GPM** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 00-40101-01-GPM** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On March 31, 2004, Randall Moss filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1). He has also filed a supporting memorandum (Doc. 7). The Government responded to the motion on October 12, 2004 (Doc. 12).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the

record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), citing *United States v. Frye*, 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will resolve the motion without a hearing.

### BACKGROUND

A federal grand jury returned a multi-count indictment against Randall Moss and others on December 6, 2000. (*See* Doc. 1 in Cause No. 00-CR-40101-GPM.) Two superseding indictments were filed after the initial indictment. (*See* Docs. 37, 54 in criminal case.)

On March 6, 2001, a federal grand jury returned a multi-count third superseding indictment (Doc. 158). Randall Moss was charged in Count 1 with conspiring to distribute and possess with intent to distribute more than five (5) grams of a mixture and substance containing cocaine base ("crack cocaine") and cocaine. Count 6 charged Randall Moss with knowingly and intentionally distributing a mixture and substance containing cocaine on July 25, 2000. Count 7 charged Randall Moss with knowingly and intentionally distributing a mixture and substance containing cocaine and cocaine base ("crack cocaine") on July 31, 2000. Count 11 charged Randall Moss with knowingly and intentionally distributing a mixture and substance containing cocaine on September 13, 2000. Count 14 charged Randall Moss with knowingly and intentionally distributing a mixture and substance containing cocaine on September 19, 2000. Count 15 charged Randall Moss with the offense of being a convicted felon in possession of a firearm.

The undersigned District Judge presided over the jury trial of this matter from May 8-10, 2001. On the first day of trial, Counts 11 and 14 were dismissed on the Government's motion. On May 10, 2001, the jury returned a guilty verdict on Counts 1, 6, 7, and 15. The jury made a specific

finding beyond a reasonable doubt that the conspiracy involved more than 5 grams of cocaine. This Court subsequently sentenced Randall Moss to a term of 1,080 months imprisonment, 4 years of supervised release, a $2,500 fine, and a $400 special assessment. He appealed, and the Seventh Circuit affirmed the conviction and sentence. *See United States v. Moss*, 57 Fed. Appx. 704 (7th Cir. 2003). The United States Supreme Court denied certiorari. *See Moss v. United States*, 538 U.S. 953 (2003).

Moss argues that his sentence should be vacated, set aside, or corrected for the following reasons: (1) trial counsel was ineffective because he entered into a stipulation concerning his prior felony conviction; (2) trial counsel was ineffective because he failed to conduct proper discovery; (3) his conviction was based in part on an involuntary post-arrest statement obtained in violation of *Miranda* and coerced by threats and promises; and (4) his Fifth and Sixth Amendment rights were violated when he was sentenced in excess of the statutory maximum penalty.

## ANALYSIS

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, collateral relief is available to Moss only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver*, 961 F.2d at 1341, *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986). In other words, a Section

2255 motion does not serve as a substitute for a direct appeal.

There are three types of issues that cannot be raised in a motion brought pursuant to Section 2255: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of either good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issue would result in a fundamental miscarriage of justice. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *reversed on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

The United States Supreme Court has held that ineffective assistance of counsel may constitute cause for a procedural default, but "[s]o long as a petitioner is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, there is no inequity in requiring him to bear the risks of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove "prejudice," Moss must show "not merely that the errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or appeal] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

**Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, Moss must show that his counsel's "performance was deficient, which means that counsel's errors were so serious that they deprived

[him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahafey v. Schomig*, 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland*, 466 U.S. at 687. The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

There is no merit to Moss's claims that counsel was ineffective. The trial transcript demonstrates that Moss agreed with the stipulation to his prior felony conviction, and he signed the document. (*See* Doc. 266 in criminal case.) The decision by trial counsel to recommend a stipulation is undoubtedly a tactical decision (refusal to do so would have given the Government reason to dig into the depths of his criminal history) which this Court gives great deference. *See Strickland v. Washington*, 466 U.S. 668, 689-91 (1984).

Similarly, Moss fails to explain how his trial counsel failed to conduct proper discovery. The United States Attorney's Office in this district has an open-file policy which allows defense counsel access to witness statements, proffer statements, tapes of controlled buys, and other items of evidence. The Government asserts that it provided copies of numerous items to defense counsel. There was certainly no serious deficiency of representation.

**Post-Arrest Statements**

Moss argues that he was interrogated in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that his post-arrest statements were involuntary. Trial counsel filed a motion to suppress the post-arrest statements, and this Court held a hearing on February 26, 2001. (*See* Docs. 154, 155.) The Court considered Moss's arguments at the time and denied the motion.

This issue was not raised on direct appeal. *See United States v. Moss*, 57 Fed. Appx. 704 (7th Cir. Jan. 23, 2003). Moss now argues that counsel's failure to raise the issue amounts to ineffective assistance of counsel. But as the Government points out, the failure to preserve a Fourth Amendment issue can never be found to be prejudicial within the meaning of *Strickland*. *See, e.g., United States v. Hernandez-Rivas*, 348 F.3d 595, 601 (7th Cir. 2003) ("In cases where an attorney's mistake resulted in the admission of evidence that would have otherwise been suppressed, the outcome of the trial does not become any less reliable."). There is no evidence of ineffective assistance of counsel at either the trial or appellate level on this issue.

**Illegal Sentence**

Finally, Moss argues that his 90 year sentence violates the Supreme Court's recent decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). First, the Court notes that this issue was not raised on direct appeal, and there is no cause for the failure to do so. Since the briefs were filed in this case, the Supreme Court has also decided the case of *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005). In *Booker*, the Supreme Court held that defendants have a right to a jury trial on any disputed factual subject that increases the maximum punishment. The federal Sentencing Guidelines come within this rule to the extent that their operation is mandatory. This means that the sentencing guidelines are now only advisory.

The problem for Moss, however, is that the judgment in this case became final on March 31, 2003, when the United States Supreme Court denied certiorari. *See Moss v. United States*, 538 U.S. 953 (2003). The Seventh Circuit recently ruled that *Booker* does not apply retroactively. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Thus, the final ground likewise lacks merit.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**. All pending motions are **DENIED as moot**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  05/19/05

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge